IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KARL C. MITCHELL,

    Plaintiff,

v.

STANLEY WILLIAMS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-93

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, submitted a Complaint in the above captioned action brought pursuant to 42 U.S.C. § 1983. (Doc. 1.) For the reasons set forth below, Plaintiff's claims regarding denial of access to medical care should proceed. However, the Court should **DISMISS** Plaintiff's claims for monetary relief against Defendant in his official capacity. Additionally, the Court should **DISMISS WITHOUT PREJUDICE** Plaintiff's unrelated claims for denial of access to legal materials and **DISMISS as MOOT** Plaintiff's Motion for a Preliminary Injunction. (Doc. 3.) The Court **DIRECTS** the United States Marshal to serve Defendant with a copy of Plaintiff's Complaint (doc. 1), and this Order.

# BACKGROUND[1]

Plaintiff contracted Hepatitis C as the result of an attack when he was housed at Hays State Prison in Trion, Georgia. (Doc. 1, p. 6–8.) Plaintiff was subsequently transferred to Georgia State Prison ("GSP") in November of 2014. After Plaintiff was diagnosed with Hepatitis C in March of 2015, a physician's assistant at GSP informed Plaintiff that Plaintiff would need to demand treatment, or, otherwise, the prison would not provide the necessary treatment due to the cost of the treatment. (Id. at p. 8.) Plaintiff has subsequently communicated his demands for treatment from several prison officials including Defendant Stanley Williams, the Warden of GSP. Id. However, other than blood tests to determine his genotype and viral loads, staff and officials at GSP have done nothing to treat Plaintiff's Hepatitis C. Id. Plaintiff filed an emergency grievance regarding his lack of medical treatment. (Id. at p. 9.) However, that grievance was "downgraded", and Plaintiff's dormitory counselor wrote to Plaintiff that because the doctor had already seen him, the medical staff has "done all they are going to do" "unless [Plaintiff] get[s] sick." (Id. at p. 23.) Plaintiff was also told by a physician's assistant that he would not receive any treatment for several months. (Id. at p. 9.)

Plaintiff also includes several allegations in his complaint regarding his lack of access to a law library and legal materials at GSP. He contends that the lack of legal materials has hindered his ability to prosecute a case in the Northern District of Georgia regarding the conditions of his confinement at Hays State Prison. (Id. at pp. 10–17.)

# STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment

---

[1] The following facts are taken from Plaintiff's Complaint and are construed as true, as they must be at this stage.

2

of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A

plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law, which the Court discusses as follows.

## DISCUSSION

### I. Claims for Monetary Damages against Defendant in His Official Capacity

Plaintiff cannot sustain a Section 1983 claim for monetary damages against Defendant in his official capacity. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a

4

defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief, and these claims should be **DISMISSED**.

## II. Supervisory Liability Claims

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[2] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Braddy, at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

However, it does not appear that Plaintiff has named Defendant Williams based solely on his position as the Warden of GSP. Rather, Plaintiff alleges that he informed Defendant

---

[2] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir.1992).

5

Williams of his condition and the lack of medical care, and Defendant Williams disregarded his requests for help.  See Farmer v. Brennan, 511 U.S. 825, 828 (1994) (In order to be held liable under the Eighth Amendment, a prison official must know that the inmate faces a substantial risk of serious harm and then disregard that risk.)  Accordingly, Plaintiff's Eighth Amendment claims will proceed at this time.  However, Plaintiff is cautioned that Defendant Williams cannot be held liable for constitutional violations based merely on his supervisory position.

Additionally, in Luckey v. Harris, 860 F.2d 1012, 1015–16 (11th Cir. 1988), the Eleventh Circuit articulated the scope of the Ex Parte Young exception to the Eleventh Amendment. Luckey, 860 F.2d at 1015–16 (citing Ex Parte Young, 209 U.S. 123, 157 (1908)). Specifically, the Court provided:

> Personal action by defendants individually is not a necessary condition of injunctive relief against state officers in their official capacity.  All that is required is that the official be responsible for the challenged action.  As the Young court held, it is sufficient that the state officer sued must, 'by virtue of his office, ha[ve] some connection' with the unconstitutional act or conduct complained of. [W]hether [this connection] arises out of general law, or is specially created by the act itself, is not material so long as it exists.

Id.  At this early stage, the Court finds that Plaintiff has stated a plausible claim for injunctive relief against Defendant Williams in his official capacity based on this theory.

### III. Denial of Medical Care Claims

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer, 511 U.S. at 832.  Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted).  Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's

6

constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. Id. Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." Id. at 347. However, "[c]ontemporary standards of decency must be brought to bear in determining whether a punishment is cruel and unusual." Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999).

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of

Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

"The meaning of 'more than gross negligence' is not self-evident[.]" Id. In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the factors considered are: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id. "When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Cty. Det. Center Staff, 262 F. App'x 959, 964 (11th Cir. 2008) (quoting Harris, 941 F.2d at 1504). "Deliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.

Based on Plaintiff's allegations, he has been diagnosed with Hepatitis C and been told by medical professionals that he needs treatment for that condition. He has relayed that need for treatment to prison officials, including Defendant. However, he has been denied any such treatment. He has been told in writing by prison officials that he will not receive any further treatment "unless [he] get[s] sick." (Doc. 1, p. 23.) Based on these facts, Plaintiff has stated a plausible denial of medical care claim.

**IV.  Unrelated Claims for Denial of Access to Legal Materials**

Plaintiff spends much of his Complaint discussing the lack of legal materials at GSP and the denial of his access to a satellite reference law library. Indeed, his Motion for a Preliminary Injunction which relates solely to his claims for a law library and legal materials does not mention any relief pertaining to his denial of adequate medical care. Plaintiff cannot pursue

8

unrelated claims in one Section 1983 Complaint. Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *4 (11th Cir. July 16, 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."). Other than the fact that they both allegedly arose at GSP, Plaintiff's denial of medical care claims and his denial of access to legal materials claims have no relation to one another. These claims involve entirely different facts and occurrences as well as legal standards. Accordingly, they cannot be pursued in the same action. Therefore, I **RECOMMEND** that the Court **DISMISS** Plaintiff's denial of legal materials claims **WITHOUT PREJUDICE**. Should Plaintiff seek to pursue these claims, he must do so through a separate action. Additionally, because Plaintiff's Motion for a Preliminary Injunction pertains only to his access to legal materials claims, the Court should **DISMISS** that Motion, (doc. 3), as **MOOT** because those claims are not properly before the Court.

## CONCLUSION

For the numerous reasons set forth above, the Court should **DISMISS WITHOUT PREJUDICE** Plaintiff's unrelated claims for denial of access to legal materials. The Court should also **DISMISS** Plaintiff's claims for monetary relief against Defendant in his official capacity. Additionally, I **RECOMMEND** that the Court **DENY as MOOT** Plaintiff's Motion for a Preliminary Injunction. (Doc. 3.) Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.

Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

## REMAINING CLAIMS AND DEFENDANTS

Plaintiff's allegations in his Complaint arguably state colorable claims for denial of adequate medical care under 42 U.S.C. § 1983 and the Eighth Amendment against Defendant. Consequently, a copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendant by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## **INSTRUCTIONS TO DEFENDANT**

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendant is further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendant shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

# INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or his counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes

of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a Defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents (\$.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents (\$.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete

responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's

motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA