# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

KARL C. MITCHELL,

      Plaintiff,

v.

STANLEY WILLIAMS,

      Defendant.

CIVIL ACTION NO.: 6:15-cv-93

## O R D E R

Presently before the Court is the Report and Recommendation of the Magistrate Judge, (doc. 9), Plaintiff's Second Motion for a Preliminary Injunction, (doc. 10), and his Motion to Amend his Complaint, (doc. 11). The Court **GRANTS** Plaintiff's Motion to Amend the Complaint. Additionally, after a *de novo* review of the entire record, including the Amended Complaint, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Court **ADOPTS** the Report and Recommendation, as supplemented herein, as the opinion of the Court. Additionally, the Court **DEFERS** ruling on Plaintiff's Second Motion for a Preliminary Injunction until after Defendants have an opportunity to respond to the Motion.

## BACKGROUND[1]

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, brought his original Complaint in this action against Warden Stanley Williams pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff alleges that he contracted Hepatitis C as the result of an attack when

---

[1] The following facts are taken from Plaintiff's Complaint and Amended Complaint and are construed as true, as they must be at this stage.

he was housed at Hays State Prison in Trion, Georgia. (Id. at pp. 6–8.) After being transferred to Georgia State Prison ("GSP"), Plaintiff was diagnosed with Hepatitis C. (Id. at p. 8.) Since his diagnosis, members of the prison's medical staff have notified Plaintiff that he needs treatment for his condition. Id. However, other than blood tests to confirm the disease, staff and officials at GSP have done nothing to treat Plaintiff's Hepatitis C due to the costs of the treatment. Id.

The Magistrate Judge conducted an initial screening of Plaintiffs' Complaint pursuant to the Prison Litigation Reform Act on January 8, 2016. (Doc. 9.) In his Report and Recommendation, the Magistrate Judge concluded that Plaintiff's Complaint stated colorable claims for disregard of a serious medical need under Section 1983 and the Eighth Amendment. (Id.) On that basis, the Magistrate Judge ordered that Defendant Williams be served with Plaintiff's Complaint. Id. However, the Magistrate Judge recommended that the Court dismiss without prejudice Plaintiff's unrelated claims for access to legal materials and dismiss Plaintiff's official capacity claims for monetary relief. Id. Lastly, the Magistrate Judge recommended that the Court deny as moot Plaintiff's First Motion for a Preliminary Injunction, (doc. 3), because that Motion pertained solely to Plaintiff's access to legal materials claims.

Plaintiff did not file any objections to the Magistrate Judge's Report and Recommendation. On January 21, 2016, Plaintiff filed a Motion to Amend his Complaint, (doc. 11), and his Second Motion for a Preliminary Injunction, (doc. 10). In his Motion to Amend and proposed Amended Complaint, Plaintiff provided more detailed and updated allegations of GSP officials' refusal to provide him medical treatment. (Doc. 11-3.) In addition to reiterating his allegations against Warden Williams, Plaintiff also levied allegations of denial of medical treatment against Roy Sabine, the Health Services Administrator at GSP, and Doctor

2

Brown, a Health Services Physician at GSP. (Id. at pp. 15, 17–18.) Additionally, Plaintiff's Amended Complaint asserted claims against the Georgia Department of Corrections. (Id. at p. 18.) In his Second Motion for a Preliminary Injunction, Plaintiff requests that the Court order Defendants to provide Plaintiff treatment for his Hepatitis C. (Doc. 10.)

## DISCUSSION

### I.     Motion to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend a complaint "once as a matter of course at any time before a responsive pleading is served." The Eleventh Circuit has made clear that the Prison Litigation Reform Act ("PLRA") does not change this right to amend. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a). Because [plaintiff] filed his motion to amend before the district court dismissed his complaint and before any responsive pleadings were filed, [plaintiff] had the right to amend his complaint under Rule 15(a)."). Accordingly, the fact that the Magistrate Judge has already conducted a frivolity review of Plaintiff's Complaint and issued a Report and Recommendation does not deprive Plaintiff of his right to amend. Id.

Thus, the Court **GRANTS** Plaintiff's Motion for Leave to Amend, (doc. 11). The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amendment, (doc. 11-3), upon the docket as Plaintiff's Amended Complaint. Additionally, the Clerk of the Court is **DIRECTED** to add the Georgia Department of Corrections; Roy Sabine, the Health Services Administrator at Georgia State Prison; and Doctor Brown, a Health Services Physician at Georgia State Prison, as Defendants in this case.[2]

---

[2] Plaintiff's claims against the Georgia Department of Corrections are discussed in more detail in Section III below.

## II.     The Magistrate Judge's Report and Recommendation

Plaintiff has not filed any objections to the Magistrate Judge's Report and Recommendation. Though Plaintiff moved to amend his Complaint, he does not attempt to assert claims regarding his legal materials or claims against any of the individual defendants in their official capacities. Indeed, in his Motion to Amend, Plaintiff stated that he "accept[s] the Honorable Magistrate Judge Baker's correct evaluation of the Complaint." (Doc. 11, p. 2.) Consequently, the Report and Recommendation, as supplemented herein, is **ADOPTED** as the opinion of the Court. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims regarding denial of access to legal materials and **DISMISSES** Plaintiff's Section 1983 official capacity claims for monetary relief. Additionally, the Court **DENIES** Plaintiff's First Motion for a Preliminary Injunction, (doc. 3), as moot.

## III.     Claims Against Georgia Department of Corrections

In his Amended Complaint, Plaintiff asserts claims against the Georgia Department of Corrections under Section 1983 and Title II of the American with Disabilities Act ("ADA"). As explained below, while Plaintiff cannot sue the Department of Corrections under Section 1983, his ADA claims against the Department of Corrections can proceed.

### A.     Section 1983 Claims Against the Georgia Department of Corrections

In order to state a claim for relief under Section 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered

legal entities subject to suit. See Grech v. Clayton Cty. Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). "A state and its agencies (such as the Georgia Department of Corrections) are not 'persons' who may be sued under § 1983." Darrough v. Allen, No. 1:13-CV-57 WLS, 2013 WL 5902792, at *3 (M.D. Ga. Oct. 8, 2013); see also Williams v. Ga. Dep't of Corr., No. CV612-050, 2012 WL 3911232, at *1 (S.D. Ga. Aug. 6, 2012), report and recommendation adopted, No. CV612-050, 2012 WL 3910834 (S.D. Ga. Sept. 6, 2012) ("Because the Georgia Department of Corrections is a state agency, it is not a 'person' subject to suit under § 1983.")

Furthermore, the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections. Absent a waiver, states are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Accordingly, the Eleventh Amendment immunizes the Department of Corrections from Plaintiff's Section 1983 claims. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Therefore, the Court **DISMISSES** Plaintiff's Section 1983 claims against the Georgia Department of Corrections.

B.     **ADA Claims against the Georgia Department of Corrections**

Unlike Section 1983, Title II of the ADA abrogates state sovereign immunity insofar as the Act creates a private cause of action against the States for conduct that violates both the ADA and the Fourteenth Amendment. United States v. Georgia, 546 U.S. 151 (2006); Black v. Wigington, No. 15-10848, 2016 WL 278918, at *8 (11th Cir. Jan. 22, 2016). The Due Process Clause of the Fourteenth Amendment incorporates the Eighth Amendment's guarantee against

cruel and unusual punishment. <u>Louisiana ex rel. Francis v. Resweber</u>, 329 U.S. 459, 463 (1947). Accordingly, the Department of Corrections is not immune from Plaintiff's ADA claims.

In order to establish a prima facie case under the ADA, Plaintiff must show: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by a public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of his disability. <u>Bircoll v. Miami–Dade Cty.</u>, 480 F.3d 1072, 1083 (11th Cir. 2007).

The ADA defines "disability" as a "physiological or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(a). Several courts have held that whether Hepatitis C constitutes a "disability" hinges on whether the plaintiff is symptomatic and whether those symptoms affect a major life activity. <u>See Amos v. Corr. Med. Svcs., Inc.</u>, No. 06–cv–1892, 2009 WL 1884142, at *6 (D.N.J. June 30, 2009) ("[N]umerous courts have held that [Hepatitis C] alone, without a demonstration of how it has limited a major life activity, is not enough to qualify as a disability.") (citing <u>Furnish v. SVI Sys., Inc.</u>, 270 F.3d 445, 449 (7th Cir. 2001), and <u>Sussle v. Sirina Prot. Sys. Corp.</u>, 269 F. Supp. 2d 285 (S.D.N.Y. 2003)); <u>see also Horstkotte v. Comm'r, N. H. Dep't of Corr.</u>, No. 08-CV-61-JL, 2009 WL 4907025, at *5 (D.N.H. Dec. 11, 2009) (asymptomatic Hepatitis C infection not a disability under the ADA).

According to Plaintiff, Hepatitis C has caused "substantial deteriorative effects on Plaintiff's major bodily functions." (Doc. 11-3, p. 17.) He states that his symptoms include "stomach pains, nausea, headaches, appetite loss, and liver pains." <u>Id.</u> Plaintiff further contends that these effects have inhibited his ability to concentrate, eat, exercise, and think. <u>Id.</u> Given

Plaintiff's allegations that he suffers from symptoms and that those symptoms affect his daily activities, he plausibly alleges that he is a qualified individual with a disability.

Plaintiff also states a claim that he been denied services, programs, or activities by reason of his disability. The Eleventh Circuit has held that "the ADA is not a 'remedy for medical malpractice' and "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." Jones v. Rutherford, 546 F. App'x 808, 811 (11th Cir. 2013) (quoting Schiavo v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005)). However, the ADA is not wholly inapplicable to claims based on deliberate indifference to an inmate's medical condition. See Tidwell v. Stringer, No. CIV.A. 14-0025-CG-B, 2014 WL 2508955, at *3 (S.D. Ala. June 3, 2014) ("Contrary to Defendants' assertion, however, these cases do not stand for the proposition that, as a matter of law, the ADA . . . [is] 'inapplicable' to claims based on allegations of 'deliberate indifference to a serious medical condition and inadequate medical care.'"). To that end, the Eleventh Circuit has held that a prison's failure to give a prisoner the treatment prescribed by his dermatologist "is sufficient for the Plaintiff to plead a prima facie ADA claim." Lonergan v. Fla. Dep't of Corr., 623 F. App'x 990, 994 (11th Cir. 2015); see also Kiman v. N.H. Dep't of Corr., 451 F.3d 274, 284 (5th Cir. 2012) (courts have "differentiated ADA claims based on negligent medical care from those based on discriminatory medical care"); Kiman v. New Hampshire Dep't of Corr., 451 F.3d 274, 286-87 (1st Cir. 2006) ("Access to prescription medications is part of a prison's medical services and thus is one of the services, programs, or activities covered by the ADA. . . . Unlike the defendants' decisions regarding the diagnosis and treatment of [plaintiff's medical condition], the defendants' failure to give him access to his medications is not, on these facts, a medical judgment subject to differing opinion–it is an outright denial of medical services."); Payne v. Ariz., No. CV 09-01195-PHX-NVW, 2012 WL

1151957, at *6 (D. Ariz. Apr. 5, 2012) ([W]hether and when the ADA supports claims by prisoners regarding a prison's medical and nutritional services is a close question that turns on distinguishing actionable claims of 'denial of medical treatment' from non-actionable claims of mere inadequate or negligent medical treatment.").

Plaintiff alleges more than mere disagreement with his medical treatment. Rather, he states that the Department of Corrections has refused to provide him treatment for his Hepatitis C (which medical professionals have stated that he needs) because of the treatment's costs. Put simply, Plaintiff alleges that he has been denied medical treatment, which the Department of Corrections provides to inmates with less costly medical conditions. Consequently, Plaintiff has plausibly alleged that the Department of Corrections has denied him departmental services, programs, or activities by reason of his having Hepatitis C.

For these reasons, Plaintiff's Amended Complaint arguably states a plausible claim that the Department of Corrections has violated the ADA, and these claims will survive frivolity review.

**IV.    Plaintiff's Second Motion for a Preliminary Injunction**

Unlike his First Motion for a Preliminary Injunction, Plaintiff's Second Motion pertains to his alleged need for medical treatment. (Doc. 10.) To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the

'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Furthermore, the Court must provide notice to the adverse party before issuing a preliminary injunction. Fed. R. Civ. P. 65(a).

Of course, Defendants have received no such notice as they have not been served with this action. Thus, the Court will hear from Defendants before addressing Plaintiff's second request for preliminary injunctive relief. The Court hereby **ORDERS** Defendants to respond to Plaintiff's Second Motion for a Preliminary Injunction on or before the date that Defendants file their initial responsive pleadings to Plaintiff's Complaint and Amended Complaint.

## CONCLUSION

For the above stated reasons, the Court **GRANTS** Plaintiff's Motion to Amend and adopts the Report and Recommendation, as supplemented herein, as the opinion of the Court. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims regarding denial of access to legal materials; **DISMISSES** Plaintiff's Section 1983 official capacity claims for monetary relief; and **DENIES** Plaintiff's First Motion for a Preliminary Injunction, (doc. 3), as moot. Additionally, the Court **DISMISSES** Plaintiff's Section 1983 claims against the Georgia Department of Corrections.

However, the remainder of Plaintiff's claims remain pending. The United States Marshal is **DIRECTED** to serve Roy Sabine, the Health Services Administrator at Georgia State Prison; Doctor Brown, a Health Services Physician at Georgia State Prison; and the Georgia Department of Corrections with a copy of Plaintiff's Complaint, (doc. 1), the Magistrate Judge's Report and Recommendation, (doc. 9), Plaintiff's Second Motion for a Preliminary Injunction, (doc. 10), Plaintiff's Amended Complaint, (doc. 11-3), and this Order. The Marshal is further **DIRECTED** to serve Defendant Stanley Williams with a copy of Plaintiff's Second Motion for a

Preliminary Injunction, (doc. 10), Plaintiff's Amended Complaint, (doc. 11-3), and this Order.[3]
All parties are directed to closely read and follow the instructions for the future litigation of this
action contained in the Magistrate Judge's Report and Recommendation. (Doc. 9, pp. 10–15.)

**SO ORDERED**, this _22nd_ day of February, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Magistrate Judge has already directed the Marshal to serve Defendant Williams with the original
Complaint and the Report and Recommendation.