**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

KARL C. MITCHELL,

    Plaintiff,

v.

WARDEN STANLEY WILLIAMS; ROY SABINE; DOCTOR FNU BROOME; an GEORGIA DEPARTMENT OF CORRECTIONS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-93

## **O R D E R**

This matter is before the Court on several Motions filed by Plaintiff and Defendants. After careful consideration and for the reasons explained below, the Court issues the following rulings:

- The Court **GRANTS** Plaintiff's Motion for an Evidentiary Hearing, (doc. 27), and his Motion to Stay Defendants' Motions to Dismiss, (doc. 28), is **DENIED as moot**. Additionally, the Court gives instructions to Plaintiff regarding Defendants' Motions to Dismiss which Plaintiff is ordered to follow.

- Defendants' Motions to Stay Discovery, (docs. 24, 35), are **DENIED**.

- The Court **DENIES as moot** Plaintiff's Motion for Relief from the Court's February 22, 2016, Order, (doc. 18); and

- Plaintiff's Motion for Appointment of Counsel or in the Alternative Motion for Copies, (doc. 19), is **DENIED in part** and **GRANTED in part**.

## BACKGROUND

Plaintiff's allegations in this case are laid out in detail in the Court's January 8, 2016, Report and Recommendation, (doc. 9), and the Court's February 22, 2016, Order, (doc. 12). Generally, Plaintiff brings this action, pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), alleging that Defendants have disregarded his serious medical needs and discriminated against him due to his having the disease Hepatitis C. Through this case, Plaintiff primarily seeks the medication Harvoni, which inmates in Georgia are often given for the treatment of Hepatitis C.

Along with his Amended Complaint, Plaintiff filed a Motion for Preliminary Injunction. (Doc. 11.) Therein, Plaintiff requested that the Court order Defendants to take the appropriate steps to ensure that he received treatment for his Hepatitis C. Id. Plaintiff reiterated his complaints that he had been diagnosed with Hepatitis C months ago but had still not received any actual treatment. Id. The Court ordered Defendants to respond to Plaintiff's Motion when filing their Answers to the Amended Complaint.

On March 9, 2016, Defendants Dr. Broome, Roy Sabine, and Stanley Williams filed a joint Response to Plaintiff's Motion for a Preliminary Injunction. (Doc. 22.) Defendant Georgia Department of Corrections ("DOC") joined in that Response on April 9, 2016. (Doc. 37.) In their Response, Defendants do not dispute the essential facts of Plaintiff's contentions regarding his medical history. Thus, it is clear that Plaintiff was diagnosed with Hepatitis C in approximately March of 2015. (Doc. 10-1, p. 2.) On April 2, 2015, additional blood was collected from Plaintiff to determine his genotype and viral count. (Doc. 22-5, p. 1.) The results of that lab work were reported five days later on April 7, 2015. Id. However, Plaintiff did not have any further tests or treatment for his Hepatitis C until over four months later, on August 20,

2015.  (Doc. 22-1, p. 5.)  On that date, Global Diagnostic Services, Inc., issued a reading of an ultrasound of Plaintiff's abdomen.  (Doc. 22-6.)

Since his ultrasound, Plaintiff has once again experienced an extended delay in his treatment.  On February 9, 2016, prison medical providers submitted a request that Plaintiff be scheduled for an appointment with a gastroenterologist.  (Doc. 22-7.)  This consult request is the only development in Plaintiff's treatment in the eight months since his ultrasound in August of 2015.  (Doc. 22-1, p. 5.)  Moreover, it appears that the consult request was only submitted because Plaintiff's internal complaints about the delays in his treatment eventually reached Warden Stanley Williams.  (Doc. 27, p. 46 (Warden William's Grievance Response, "I spoke with the PA and she will submit a consult for the GI doctor today.").)

In addition to their Response to Plaintiff's Motion for a Preliminary Injunction, Defendants have submitted Motions seeking dismissal of Plaintiff's Complaint for his alleged failure to exhaust his available administrative remedies.  (Docs. 21, 34.)  In response to these Motions, Plaintiff concedes that he did not exhaust all steps of the DOC grievance process.  (Doc. 27.)  However, he contends that not all steps were made available to him despite his repeated requests for appeal forms.  Id.  Thus, he requests that the Court stay any ruling on the Motion to Dismiss and hold a hearing to assess whether the administrative remedies were actually available to him.  (Id.; doc. 28.)  For their part, Defendants have moved to stay discovery in the case while their Motions to Dismiss are pending.  (Docs. 24, 35.)

I. **Plaintiff's Motion for an Evidentiary Hearing, (Doc. 27), and Motion to Stay Defendants' Motion to Dismiss, (Doc. 28)**

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" that lower courts must employ when examining the issue of exhaustion of administrative remedies.  First, the court is to take the plaintiff's version of the facts regarding

3

exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

As Plaintiff points out, the resolution of Defendants' Motions to Dismiss turn on factual disputes outside of the parties' initial pleadings. In other words, the Court will have to proceed to the second Turner step to resolve the issue of exhaustion in this case. Ordinarily, the Court can resolve that step on the parties' written submissions and without resorting to an evidentiary hearing. However, the Court finds this to be one of the rare cases where an evidentiary hearing is necessary to resolve fact-intensive disputes, as well as the issues of credibility raised by the parties' arguments.

Moreover, the Court is troubled by the extensive delays in Plaintiff's treatment which Defendants admit in their pleadings. Defendants repeatedly maintain that, as to Plaintiff's treatment, they are following "a standardized [DOC] procedure for evaluating if particular inmates should receive the Harvoni treatment for Hepatitis C." (Doc. 22, p. 2.) However, Defendants offer no explanation for why they are waiting months between each step of this

"standardized procedure."[1] Perhaps most troubling as to Plaintiff's Motion for a Preliminary Injunction, Defendants offer no timetable for when Plaintiff may receive the next step in this "standardized procedure." (Id. at p. 4 ("To date, the GSP medical staff has not received a Telemed appointment with the Gastroenterologist.").) Indeed, at this point, Plaintiff has been diagnosed with Hepatitis C for well over a year, and his course of treatment is still wholly undetermined.

In light of these issues, the Court **GRANTS** Plaintiff's Motion for an Evidentiary Hearing. The Court will set this matter down for an evidentiary hearing on Plaintiff's Motion for a Preliminary Injunction and Defendants' Motions to Dismiss in the near future. The Court will provide the specifics of the time and location of that hearing by way of future order. In that order, the Court will also provide guidelines regarding the procedure to be employed and the evidence to be received at that hearing.

Because the Court will set this matter down for an evidentiary hearing, Plaintiff's Motion to Stay the Defendants' Motions to Dismiss until the Court rules on his Motion for a Hearing is **DENIED as moot**. While the Court will hear from the Plaintiff on the Motions to Dismiss at the hearing, the Court requires that he file a written response to the Motions to Dismiss in advance of the hearing. Accordingly, the Court provides the following instructions to Plaintiff.

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. Consequently, the Court is reluctant to rule on the Motions to Dismiss without receiving a response from the Plaintiff or

---

[1] Indeed, if it is DOC procedure for prison officials to wait four months between the initial lab work and the ultrasound and then another nine months between the ultrasound and the request for a gastroenterologist consult (and then only at the direction of the warden after the prisoner files a grievance), perhaps more than Plaintiff's treatment needs to be evaluated. (See Doc. 27, p. 46 (Warden William's Grievance Response, "It is not uncommon for the process to take this long.") This Court affords great deference to prison officials on matters of prisoner affairs including the specifics of prisoner treatment. However, that deference must know certain bounds.

ensuring that Plaintiff is advised of the potential ramifications caused by his failure to respond. Once a motion to dismiss is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiff in this case is a *pro se* litigant. Haines v. Kerner, 404 U. S. 519, 520 (1972). Additionally, when a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiff as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The granting of a motion to dismiss without affording the plaintiff either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336-37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this court,[2] should not in any way serve as a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal. Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006).

Accordingly, Plaintiff is hereby **ORDERED** to file any response in opposition to the Defendants' motions for dismissal within twenty-one (21) days of the date of this Order. Tazoe, 631 F.3d at 1336 (advising that a court cannot dismiss an action without employing a fair procedure). Should Plaintiff not timely respond to Defendants' motions, the Court will determine that Plaintiff does not oppose to the motions. See Local Rule 7.5.

---

[2] Local Rule 7.5 states,

> Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. <u>Failure to respond shall indicate that there is no opposition to a motion</u>.

(emphasis added).

To assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby instructed to attach a copy Federal Rules of Civil Procedure 41 and 12 to the copy of this Order that is served on the Plaintiff.

## II. Defendants' Motions to Stay Discovery, (Docs. 24, 35)

As laid out above, Defendants have filed dispositive motions regarding the exhaustion of administrative remedies. Ordinarily, the Court would resolve these Motions before permitting the parties to engage in discovery. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). However, as described above, the Defendants' Motions themselves raise factual issues which will require inquiry by the parties and the Court. Moreover, given the unique circumstances of this case, including Plaintiff's incarcerated status, the Court finds it more efficient to address the Motions to Dismiss as well as the Motion for a Preliminary Injunction at a consolidated hearing. Given the factors for granting a preliminary injunction, the Court anticipates that the parties will want to engage in at least some discovery in advance of that hearing. For these reasons, the Court **DENIES** Defendants' Motions to Stay Discovery.

## III. Motion for Relief from the Court's February 22, 2016, Order, (Doc. 18)

In his Motion for Relief, Plaintiff seeks to clarify that he sues the Health Services Physician at Georgia State Prison, Dr. Broome. Some pleadings in the case, including the February 22, 2016, Order, had referred to this Defendant as "Dr. Brown." Plaintiff expresses concern in this Motion that confusion in this Defendant's name may cause the wrong person to be served with Plaintiff's Complaint. Since this pleading, Dr. Broome has appeared in this

action, through counsel, by filing a Motion to Dismiss, (doc. 21). Additionally, the caption of this case refers to the Defendant as Dr. Broome. Thus, any concerns regarding the identity of this Defendant have been allayed, and there is no reason to correct the prior pleadings. For this reason, Plaintiff's Motion for Relief is **DENIED AS MOOT**.

**IV.     Plaintiff's Motion for Appointment of Counsel or in the Alternative Motion for Copies, (Doc. 19)**

In his Motion for Appointment of Counsel, Plaintiff states that his incarcerated status prevents him from effectively litigating this case. In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel at this time. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010); Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174).

At this stage, this case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. Additionally, Plaintiff has demonstrated more than ample ability to effectively represent himself through his numerous pleadings to date. For these reasons, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.[3]

In the alternative to appointment of counsel, Plaintiff requests that the Court make special provision for Plaintiff's service of pleadings in this case. (Doc. 19-1, p. 4.) Specifically, Plaintiff asks that the Court not require him to serve Defendants with a copy of all of his pleadings. Id. Rather, he proposes that he be allowed to file his pleadings with the Court, which will allow Defendants' counsel to access the documents on the Court's electronic docket. Id.

---

[3] In his Motion for Appointment of Counsel, Plaintiff also states that he will need to be examined by an independent physician. (Doc. 19-1, p. 4.) He states that such an exam will be necessary to show that the delay in his treatment has worsened his disease and his symptoms. Id. Given the unique circumstances of this case, the Court may need to order Plaintiff to undergo an independent medical exam. However, the Court will address that issue by future order.

9

Federal Rule of Civil Procedure 5 requires a party filing a pleading to serve that pleading on all other parties. This Court's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means permit attorneys who file documents electronically to rely upon their electronic filing to serve other parties whose counsel are registered users of the Court's electronic filing system. However, those rules specifically do not permit *pro se* filers such as Plaintiff to file documents electronically. Accordingly, neither the Federal Rules of Civil Procedure nor this Court's Local Rules permit the service arrangement Plaintiff proposes. Moreover, the Court sees no reason to craft a special process in this case. The burden for Plaintiff to serve all parties is not onerous, as he may serve one copy of each pleading on defense counsel, who represents all four Defendants in this case. Further, the Defendants will not be able to rely upon the electronic filing system to serve Plaintiff, as he does not receive pleadings via electronic means.

Additionally, Plaintiff asks that the Clerk of Court provide him with a copy of each pleading he files in this case and that the costs of those copies be charged to the non-prevailing party. It is Plaintiff's obligation to pursue this case and to keep track of his pleadings in this case. Thus, the Court will not make Plaintiff's copies for him. However, the Court's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means provides the following:

> An attorney who wishes to have an original document returned after the Clerk's Office scans and uploads it to ECF may, prior to submitting the document to the Clerk's Office, seek authorization from the assigned judge for the document's return. If return is granted by the judge, the attorney must provide a self-addressed, stamped envelope for the return of the documents. Authorization will be granted on a case-by-case basis.

The Court finds cause to provide Plaintiff with the benefit of this policy. Thus, the Court will allow Plaintiff to receive the return of the original documents he files in the future in this case from the Clerk of Court. To obtain such a return, Plaintiff must provide a self-addressed envelope with sufficient postage affixed to the Clerk of Court with any future pleading he seeks to have returned to him. Plaintiff should also state in his pleading his desire to have the pleading returned to him. **As to any pleading that Plaintiff provides such a request as well as a self-addressed and postage-affixed envelope, the Clerk of Court is hereby DIRECTED to return the original of the pleading to Plaintiff after the Clerk scans the pleading and uploads it to ECF.** Plaintiff cannot use this procedure to obtain any documents that he has already filed prior to this Order.

In this manner, the Court **GRANTS in part** Plaintiff's Alternative Motion for Copies.[4] However, the Court is not responsible if Plaintiff's pleading is lost in the mail or otherwise does not reach him. Plaintiff will bear all risk of loss for his pleadings, and he bears the ultimate responsibility for keeping up with his pleadings and records in this case. The Court is not responsible for assessing whether Plaintiff has sufficient postage affixed to his envelope or whether his envelope is properly addressed.

## CONCLUSION

For the reasons and in the manner stated above, the Court **GRANTS** Plaintiff's Motion for an Evidentiary Hearing, (doc. 27), and **DENIES as moot** his Motion to Stay Defendants' Motions to Dismiss, (doc. 28). Additionally, the Court **DENIES** Defendants' Motions to Stay Discovery, (docs. 24, 35), **DENIES as moot** Defendants' Motion for Relief from the Court's

---

[4] In the alternative, Plaintiff may obtain copies of any of his pleadings by submitting a letter requesting the same to the Clerk of Court. As laid out in the Court's January 8, 2016, Order, "If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page." (Doc. 9, p. 13.)

February 22, 2016, Order, (doc. 18), and **DENIES in part and GRANTS in part** Plaintiff's Motion for Appointment of Counsel or in the Alternative Motion for Copies, (doc. 19).

**SO ORDERED**, this 18th day of April, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA